```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF SOUTH CAROLINA
                            SPARTANBURG DIVISION


  UNITED STATES OF AMERICA           )
                                     )
        -versus-                     )
                                     )
  ANDRES W. TORRIENTE                )  7:07-1363-2
                                     )
              Defendant              )  08/06/2008
                                     )
                                     )  Spartanburg, SC
  _____)


                    MOTION TO WITHDRAW GUILTY PLEA


               BEFORE THE HONORABLE HENRY F. FLOYD
             UNITED STATES DISTRICT JUDGE, presiding



A P P E A R A N C E S:

For the Government:          LEESA WASHINGTON, AUSA
                             U.S. Attorney's Office
                             PO Box 10067
                             Greenville, SC 29603



For the Defendant:           JESSICA SALVINI, ESQ.
                             Salvini and Bennett
                             101 W. Park Avenue
                             Greenville, SC 29601



Court Reporter:              Jean L. Cole, RMR
                             U.S. District Court Reporter
                             PO Box 10732
                             Greenville, SC  29603

The proceedings were taken by mechanical stenography and the
transcript produced by computer.
```

1  THE COURT: Okay. Let's see, the first matter is the
2  United States versus Andres Wilfredo Torriente, motion to
3  withdraw guilty plea. Ms. Salvini.
4  MS. SALVINI: That's correct, your Honor. I have
5  filed Defendant Torriente's withdrawal of guilty plea. If the
6  court will recall, we appeared before you on Mr. Torriente's
7  sentencing, an active sentencing hearing. He indicated his
8  desire to have a trial on this case, requested the court to
9  permit him to withdraw his guilty plea. I filed that motion
10 thereafter at the court's direction and I believe the
11 government has filed a reply.
12 Your Honor, the basis for Mr. Torriente's motion is
13 that he believed that the key government witness against him,
14 an individual by the name of Michael Essex, who initially gave
15 a statement to the government informing them that he was not
16 involved in the drug transaction which was the basis of this
17 charge and then later recanted and said he was, has now been
18 informing others that he lied to the government and he only did
19 so in order to obtain a downward departure in his sentence.
20 Mr. Torriente was never involved in the drug dealings.
21 THE COURT: But you knew that. That's not
22 after-discovered evidence. I mean, you knew prior to trial
23 that he had changed his story, so that's not newly discovered
24 evidence.
25 MS. SALVINI: We knew that he had changed his story,

1    yes, your Honor, on the eve of trial, but since that time,
2    since he has been sentenced before this court and placed in
3    Spartanburg while he was awaiting his designation he contacted
4    an individual and informed them that Mr. Torriente was not
5    involved in the drug dealings.  And Mr. Torriente wholly
6    maintains that he was not involved in the drug transactions
7    that form the basis of the charge here.  It was based on his
8    fear of going to trial and receiving a life sentence that he
9    entered a guilty plea and he's asking for this court to permit
10   him to withdraw his guilty plea and to move forward with a
11   trial by allowing him to select a jury at the next available
12   jury selection.
13            THE COURT:  Well, how do you get around the fact that
14   I took his guilty plea under oath and he answered all the
15   questions; and furthermore, the last three questions that I
16   asked him, which I ask every defendant:  Are these your own
17   answers?  Yes.  Did anybody tell you how to answer those
18   questions and were your answers truthful and he answered that.
19            MS. SALVINI:  He did so, your Honor.  And that's why
20   the basis of this motion and what I've discussed with him in
21   terms of his guilty plea -- and we've reviewed the transcript.
22   I requested the transcript be provided and he did under oath
23   inform the court that those were his answers and that he
24   admitted that he was guilty as he had been charged in the
25   indictment.

1    But I would refer the court to the transcript portion
2    at page 13 of the guilty plea hearing at lines 16 through 23
3    where the government was advising the court of what Mr.
4    Torriente's involvement was and what she said is, "According to
5    Mr. Essex," the individual we're discussing here today, "Mr.
6    Torriente knew the purpose of the trip. They discussed the
7    October trip as well as previous trips and during their stay in
8    Atlanta they met up with Mr. Rodriguez. The three of them
9    thereafter -- the three of them, excuse me, after a few days
10   and after the transaction or after the delivery was made to Mr.
11   Gilchrist's vehicle the three of them traveled back to -- were
12   traveling back to Maryland, DC." The government never
13   indicated that Mr. Torriente did anything affirmative, unlike
14   Mr. Essex who at his second statement on the eve of trial put
15   Mr. Torriente was a primary player in the drug transaction that
16   he was involved in.
17        And if at this point in time, your Honor, he is
18   informing people that he lied or that he hasn't been truthful,
19   I'd ask at the very minimum the court grant us an evidentiary
20   hearing. Mr. Essex is currently in transit. I have no idea
21   where he is. He's headed towards his designation, but if we
22   could have an evidentiary hearing and put Mr. Essex on the
23   stand, I think we'd clear up the matter pretty quickly.
24        THE COURT: Ms. Washington.
25        MS. WASHINGTON: Judge, of course, your Honor knows a

1  defendant is not -- does not have an absolute right to withdraw
2  his plea, nor does he have a right to a hearing, an evidentiary
3  hearing on the matter.  All this talk about Mr. Essex, Judge, I
4  have no information that confirms or corroborates anything that
5  Ms. Salvini has just stated.  Based on what the government
6  knows at this time Mr. Essex's story is exactly what it was on
7  the eve of trial.  If Mr. Essex is the issue, Judge, of course,
8  Ms. Salvini and her client knew that he had changed his story
9  prior to trial.  He was at the very least not -- at the very
10 least able -- available for cross-examination during the trial
11 on the change in the story.
12        To the extent that she argues newly discovered
13 evidence gives her client a right to withdraw his guilty plea,
14 Judge, that just does not fly.  That is not one of the factors
15 that the court in the -- in U.S. v. Moore, a case that's cited
16 by the Fourth Circuit in 1991, it's not one of the factors that
17 they instructed district courts to consider.  I haven't heard
18 from Mr. -- Ms. Salvini or Mr. -- or her client exactly what
19 the Moore test requires, a fair and just reason for allowing
20 this defendant to withdraw his plea.  They can't meet the
21 burden under Moore, Judge.  I haven't heard her respond to any
22 of the six factors.
23        Judge, I would point out in the government's response
24 we did note that we entered into an agreement with the other
25 defendants in this case.  I think the burden is on Mr.

6

1  Torriente to establish that it's fair and just for your Honor
2  to let him withdraw his plea. It's the government's position
3  that it certainly wouldn't be fair and just to the government.
4  We entered into extensive negotiations with both Mr. Torriente
5  and Mr. Rodriguez before he decided to plead guilty.
6        There was several months or at least three months
7  that passed between the time that he pled guilty and the time
8  that he first indicated to the court that he wanted to withdraw
9  his plea. I don't know that that was based on newly discovered
10 evidence, but the government's position is it frankly does not
11 matter. The evidence at the time that Mr. Torriente entered
12 his plea was the evidence that the government had. We shared
13 every bit of evidence, including the fact that Mr. Essex had
14 changed his story at least one time, but we still intended to
15 call him as a witness. The government did not limit its case
16 against Mr. Torriente to Mr. Essex.
17       THE COURT: Well, also, Ms. Salvini, he submitted the
18 following statement to the probation agent for acceptance of
19 responsibility, and I quote. "I, Andres Torriente, hereby
20 submit this statement for the purpose of advising U.S.
21 probation officer of my conduct in this case. I'm asking the
22 United States probation officer to accept this statement as a
23 confirmation that I have accepted responsibility in the case of
24 the United States versus Torriente. On or about the date I was
25 arrested I traveled to Atlanta, Georgia along with my

1  co-defendants.  I knew the trip that we made was for the
2  purpose of purchasing cocaine.  I agreed to go on that trip
3  knowing the purpose was for my co-defendants to obtain
4  cocaine."  Now, they're all lying, you know.  Is he lying to
5  the probation officer to get -- to get an acceptance of
6  responsibility?
7              MS. SALVINI:  No, your Honor.  And, in fact, at his
8  guilty plea hearing that is the conduct, the only conduct that
9  he admitted to is knowing that that trip -- that his
10 co-defendants were going to participate in a drug transaction.
11             MS. WASHINGTON:  Well, Judge, if that's the case he
12 certainly had a right to go to trial and argue to your Honor to
13 give an instruction on mere presence.  He chose not to do that.
14 Instead he chose to stand up under oath and admit to the
15 offense.
16             THE COURT:  It was a conspiracy case, wasn't it?
17             MS. WASHINGTON:  It was, Judge.
18             THE COURT:  Okay.
19             MS. SALVINI:  It was, your Honor.
20             THE COURT:  He was a driver.
21             MS. SALVINI:  He was not the driver.  He was a
22 passenger.  And I think that the problem here is, your Honor,
23 that on the eve of trial when an individual who not only
24 implicated him in this drug transaction, but said, "Government,
25 let me tell you about all these other drugs that I'm going to

1  tell you that Mr. Torriente's involved with," and the
2  government indicated that it would seek a ruling from this
3  court to introduce those drugs in order for at sentencing to
4  have them counted as relevant conduct, that is the basis for
5  the guilty plea, that he believed that Essex was going to
6  maintain that story and now that he hasn't post-sentencing
7  before we come before this court for sentencing he's asking the
8  court to consider that in terms of allowing him to withdraw his
9  guilty plea.
10          The government would certainly not be prejudiced if
11 we were permitted to go trial.  They could call Rodriguez who
12 was not a cooperating co-defendant.  He did not give a
13 statement to the government.  The only co-defendant that gave
14 statements that cooperated with the government was Essex and
15 Gilchrist.  Gilchrist didn't know my client, didn't say any
16 statements, had no idea who he was.  So essentially, your
17 Honor, Essex is the individual who implicated him and if he has
18 recanted his story I'd ask at a minimum for the court to grant
19 us an evidentiary hearing so we can find out what he's been
20 saying.
21          MS. WASHINGTON:  I don't know how that meets the
22 factors set out in Moore, Judge.
23          THE COURT:  And I agree.  I deny his motion to
24 withdraw his plea.  I do not find that he's presented any
25 credible evidence that his plea was not knowing or voluntary.

1  To the contrary he told this court under oath that he was
2  entering a knowing and voluntary plea.  He told the probation
3  agent he accepted responsibility.  And I see no credible
4  assertion of legal innocence in the case.
5  　　　　　The delay factor really doesn't weigh here.  He
6  certainly had the assistance of competent counsel.  And as a
7  former defense lawyer myself, if I've got a client -- got a
8  witness with an inconsistent statement and my client says he
9  didn't do it, I'm going to trial.  And he chose not to do that.
10 And then I would also find that your -- prejudice to the
11 government in bringing back the inmates.  Furthermore, there's
12 further prejudice to the extent that there have been
13 negotiations made and now there's no reason for the witnesses
14 to come back and testify at all.  And also I would find it
15 would be an inconvenience to the court and a waste of judicial
16 resources.  Was Brian Bryan in this case?
17 　　　　　MS. SALVINI:  He was not, your Honor.
18 　　　　　THE COURT:  Okay.  All right.  I would deny the
19 motion, set sentencing for August 20.
20 　　　　　MS. WASHINGTON:  Thank you, Judge.
21 　　　　　　　　　　　　　　　***
22
23
24
25

```
                                                          10
1    I certify the foregoing is a correct transcript from the record
2    of proceedings in the above entitled matter.
3    S/Jean L. Cole, RMR   12/4/08
4
5    _____    _____
6    Jean L. Cole, RMR                           Date
```